# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-50681
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN RODRIGUEZ-VASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CR-259-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Rodriguez-Vasquez appeals his conviction and 84-month sentence for aiding and abetting the importation of cocaine and aiding and abetting the possession of cocaine with intent to distribute. Rodriguez-Vasquez argues that our pattern jury instruction on the defense of duress places a constitutionally impermissible burden on the defendant, and he asserts that the instruction violates principles of equal protection because other circuits require a defendant raising a defense of duress to make a less onerous showing. He contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence is excessive because the district court erroneously determined that he was not entitled to a reduction in offense level for acceptance of responsibility.

Rodriguez-Vasquez's challenge to the burden of proof required to establish the defense of duress is foreclosed by United States v. Dixon, 126 S. Ct. 2437, 2442-48 (2006). His contention that our pattern instruction on duress violates principles of equal protection fails because he does not suggest that the challenged instruction has a discriminatory purpose. See United States v. Chavez, 281 F.3d 479, 486-87 (5th Cir. 2002). We affirm the sentencing court's determination that Rodriguez-Vasquez was not entitled to a reduction in offense level for acceptance of responsibility. United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002).

AFFIRMED.